IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America

v.                                          Case No. 1:23-CR-322-TJK

Clarence Minor

## Defendant's Sentencing Position

Clarence Minor is before the court charged with a crime that largely punishes him for his prior criminal record and for being a felon. Like many in the District, Minor is concerned for his safety; and like many, he decided to illegally carry a firearm. To be sure, courts routinely find that felons in possession of firearms diminishes public safety. However, Mr. Minor did not use the firearm in any criminal activity, and he was stopped largely for being in the wrong place at the wrong time. A sentence below the guidelines adequately punishes him for his conduct while also recognizing the mitigating circumstances of his life that led him to be before this Court.

Mr. Minor's parents were unable to care for him in his youth. His mother and father struggled with substance abuse and could not provide him any stability nor were they in any position to parent a child. His grandmother died when Minor was thirteen, and her passing was incredibly difficult for him. She was the only maternal figure in his life; after she passed, he began demonstrating behavioral problems in school. Minor left his grandparent's care and moved in with his uncle

shortly before her passing. Unfortunately, his father was not in any better position to be a parent at that point than he was earlier in his life. After his father lost his job and was evicted, Minor ultimately decided to live on the streets. At age fifteen, he began sleeping in shelters, in various group homes, and with friends. His PSR notes the various facilities where he lived in his youth.

It is not difficult to see why a young boy in that position would soon accumulate criminal convictions. And it is simply sad that Minor has remained largely transient for most of his life—never really having a stable place of his own to call home or to feel safe and secure.  Minor is not chronically homeless, though; his greatest source of stability in his life has been his relationships. His charm and charisma have allowed him to develop friendships and relationships, and through those relationships, he found periods of stability. Minor has found success in being a partner and father, though, and one of his greatest disappointments is that he is continuing the cycle of being absent from his children's lives. Minor hopes that when released he can return home, parent his children, obtain secure employment, and be a contributing member of society.

While incarcerated, Minor has made use of several programs at the jail. He completed a substance abuse treatment program, obtained a food handler certificate and began a plumbing program, and has otherwise made use of his time. His positive attempts at rehabilitation show that a lengthy sentence of incarceration is not necessary to accomplish the purposes of punishment. Minor also has a history of employment—demonstrating that he can lead a productive life when released from

custody. His efforts to improve his employment prospects when released mitigate against a lengthy term of incarceration.

The most aggravating aspect of Minor's case is his criminal record. He has eight juvenile convictions which began at age thirteen—the same time his grandmother passed away. However, since becoming an adult, his criminal record has been almost entirely non-violent. Although he was charged with robbery at age 18, that offense involved him snatching a cellphone and running away. To be sure, this conduct is much more aggravating than a simple theft; however, it did not involve a firearm and only involved a minimal amount of force. And while Minor has several convictions involving firearms, he has never been alleged to have used one in a crime or harmed another with a firearm. During his case, Minor took the relatively uncommon step of writing a letter to the government to explain why he possessed a firearm. That letter is attached to this memorandum, and it helps to demonstrate that Minor now understands that he cannot possess firearms and that doing so does not actually help to make him any safer.

Minor does not object to the Presentence Report or its guideline findings. He clearly was a prohibited person at the time he committed the offense, and he possessed a firearm with a large-capacity magazine. This high-capacity magazine, though, increases his punishment several-fold. Were Minor simply in possession of a firearm without such a magazine, his recommended guideline range would be 27 – 33 months rather than 46 – 57 months. This enhancement nearly doubles the recommended punishment. Although large capacity magazines have the ability to

cause more harm, they are currently legal to purchase. Indeed, one of the most popular legal firearms, an AR-15, comes almost standardly equipped with a magazine with the same size.

In short, Mr. Minor is someone who illegally possessed a firearm for his own protection. He committed a crime by doing so, but he did not use the firearm in connection with another crime. Nor has he ever used a firearm in connection with another criminal offense. And his criminal history demonstrates that he has largely engaged in criminal behavior as a result of his poverty, not because he is a dangerous person. A sentence below the guidelines is sufficient, but not greater than necessary to accomplish the purposes of punishment. Mr. Minor respectfully requests the court vary downwards and sentence him to 36 months of incarceration.

Respectfully submitted,

/s/ Benjamin Schiffelbein

625 Indiana Ave NW, Ste 550
Washington, DC 20004
Benjamin_Schiffelbein@fd.org
(719)659-4863